# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| ALLEN HENDERSON,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:19-CV-355-LY |
| CITY OF ROUND ROCK, TEXAS,<br>*Defendant* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant City of Round Rock's Motion and Brief to Dismiss for Failure to State a Claim, filed on June 3, 2019 (Dkt. No. 3); Plaintiff's Response, filed on June 10, 2019 (Dkt. No. 5); and Defendant's Reply, filed on June 17, 2019 (Dkt. No. 7). On July 17, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

Allen Henderson ("Plaintiff") worked for the City of Round Rock, Texas ("Defendant") as a "Human Resources Generalist" for about a year and half before he was terminated on February 16, 2018. Plaintiff alleges that he was "harassed, demoted, and ultimately fired in retaliation for reporting what he in good faith believed to be sexual harassment and sex discrimination." Dkt. No. 1 at ¶ 1. Plaintiff alleges that on December 18, 2017, a female employee reported to him that she had been a victim of sexual harassment and that the perpetrator was a male employee in the

Defendant's Human Resources ("HR") department. On that same day, Plaintiff asked his supervisors to investigate the complaint of sexual harassment. Ultimately, the alleged harasser resigned his employment with Defendant.

Plaintiff alleges that after he requested the sexual harassment investigation to occur "he was treated much more hostilely by his supervisors." *Id.* at ¶ 9. Specifically, Plaintiff alleges that his supervisors began to micromanage his job duties "as if they were looking for reasons to terminate him." *Id.* at ¶ 8. In addition, Plaintiff alleges that although his supervisor had previously approved his request to take a course for HR professionals from Cornell University, she denied his request after he sought the investigation. Plaintiff alleges that he was terminated on February 16, 2018, two months after he requested the investigation, for "false and pretextual" reasons. *Id.* at ¶ 9.

On March 26, 2019, Plaintiff filed the instant lawsuit against Defendant, alleging (1) retaliation under Title VII of the Civil Rights Act, and (2) retaliation under Chapter 21 of the Texas Labor Code. On June 3, 2019, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim for retaliation based on his complaints of heightened job scrutiny and micromanagement should be dismissed because those actions are not adverse employment actions. Defendant also alleges that Plaintiff has failed to allege viable claims for employment discrimination, harassment, and hostile work environment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

### A. Phantom Claims

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to allege viable claims for employment discrimination, harassment, and hostile work environment. Defendant's argument is misplaced, however, as Plaintiff has not alleged any claims of discrimination, harassment, or hostile work environment in this case. *See* Dkt. No. 5 ("To the extent that it is necessary, plaintiff hereby states that we plead only two claims (retaliation under Title VII and retaliation under Chapter 21). As the Court can see, the gist of defendant's motion is seeking to dismiss two (phantom) other claims that we never pleaded."). Accordingly, the Court need not address Defendant's arguments for dismissal with regard to unpled "phantom" claims.

## B. The Law of Retaliation

To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). The second prong is the only factor at issue in the instant case.

The Fifth Circuit has made clear that an adverse employment action is an "ultimate employment decision" like "hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). "An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." *Stroy v. Gibson on Behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 699 (5th Cir. 2018) (internal citations omitted).

## C. Plaintiff's Retaliation Claim

The Court notes at the outset that Defendant's Motion to Dismiss is not seeking the dismissal of Plaintiff's retaliation claim in its entirety. As Defendant acknowledges in its Reply brief: "Defendant agrees that Plaintiff's retaliation claim can likely survive its motion to dismiss, but only to the extent Plaintiff's claim is predicated on his termination." Dkt. No. 7 at p. 1. Instead, Defendant has asked the Court to dismiss the portion of the Plaintiff's Complaint "to the extent he claims his adverse employment action is based on heightened scrutiny of his job performance." Dkt. No. 3 at p. 6. This argument also is misplaced because Plaintiff is not relying on heightened job scrutiny as the basis for his adverse employment action. As explained in Plaintiff's Response, Plaintiff is only relying on his termination as a basis for demonstrating that he suffered an adverse employment action. See Dkt. No. 5 at p. 4. "[I]t is beyond dispute that a termination constitutes an

4

adverse action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004). Accordingly, Plaintiff has asserted an adverse employment action in this case.

Plaintiff clarifies in his Response brief that the factual allegations contained in his Complaint regarding his poor treatment and heightened job scrutiny relate to the causation element and "help establish that the for the first time, plaintiff was treated more-hostilely after he requested the sexual harassment investigation occur." Dkt. No. 5 at p. 5. The Court finds that these allegations are clearly relevant to the causation element specifically and to his retaliation claim more broadly. Accordingly, Defendant's Motion to Dismiss Plaintiff's factual allegations regarding heightened job scrutiny and micromanagement should be denied.

Based on the foregoing, Plaintiff has alleged sufficient facts to support his retaliation claim under Title VII and the Texas Labor Code in this case. Accordingly, Defendant's Motion to Dismiss should be denied.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant City of Round Rock's Motion to Dismiss (Dkt. No. 3).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 27, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE